UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE PITTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-02985 (UNA) |
| | ) | |
| | ) | |
| ASSURANCE TRUST | ) | |
| C/O PATHWAYS TO HOUSING, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, initiated this matter on October 21, 2024, by filing a civil complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis*, ECF No. 2. Plaintiff, however, failed to provide a residential address, and although he provided a P.O. Box address, he did not move for leave to use it, as required by D.C. LCvR 5.1(c)(1). *See* Order, ECF No. 3. Accordingly, on November 20, 2024, the court entered an order, directing plaintiff to, within 20 days, provide his full residence address or file a motion for leave to use a P.O. Box as his mailing address. *Id*. at 1. Plaintiff was also forewarned that failure to comply would result in dismissal of this matter without prejudice. *See id*.

On December 3, 2024, plaintiff filed an ostensible motion for leave to use a P.O. Box address ("Mot."), ECF No. 4. But that "motion" neither bears a caption (to include a title and Rule 7(a)-(b) designation), *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), nor does it contain a heading under the caption describing the nature of the document, *see* D.C. LCvR 5.1(d), (g). Insofar as plaintiff seeks relief, it fails to include a sufficient statement or demand, *see* Fed. R. Civ. P. 8(a)(3); D.C. LCvR 7(a), or a proposed order, *see* D.C. LCvR 7(c), purportedly providing "constructive notice" of his intent to use a P.O. Box as his address. Most notably, his motion is nonsensical and

fails to provide a cognizable basis for the relief sought. *See* Mot. at 1. In any event, upon review of the complaint, this matter shall be dismissed, and plaintiff's motion is denied as moot.

Here, plaintiff, who appears to reside in the District of Columbia, holds himself out as a "U.S. Treasury Rep" and an "individual banker." *See* Compl. at 1, 3. He sues "Assurance Trust Company c/o Pathways to Housing D.C. Outreach, Mental Health, Voucher Placements," also located in the District. *See id*. at 2. His allegations against defendant are spare and vague, at best. He alleges only that, presumably, the defendant has committed "violations . . . upon trust law, equity law, [and a] security agreement [has] been breach[ed] by debtors." *See id*. at 4. He asserts that these actions constitute "unclean hands, abuse of authority, distrust, [and] default of claim[,]" and contends that "due to default of claim payment for injury damages . . . [he is due] full faith and credit." *See id*. The remainder of the complaint is constituted by unexplained exhibits. *See* Compl. Exhibits, ECF No. 1-1; *see also* D.C. LCvR 5.1(e), (g).

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, plaintiff's nebulous allegations fall well short of providing notice of any claim or establishing this court's subject matter jurisdiction.

To that end, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

First, plaintiff has failed to state a federal question. *See* 28 U.S.C. § 1331. Plaintiff cites only to Article 1, Section 3 of the U.S. Constitution, *see* Compl. at 3, which governs the election and qualifications of U.S. Senators, the composition of the U.S. Senate, provides the Senate the power to try impeachments, and establishes the role of the Vice President in the Senate, *see* U.S. Const. Art. I, § III. It bears no relevance to this matter, nor is there any indication that it provides a private right of action. Furthermore, the court does not independently discern any basis for federal question jurisdiction from any of the information presented. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (cleaned up).

Second, plaintiff has failed to establish diversity of citizenship. *See* 28 U.S.C. § 1332. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an " 'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,' " *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906

(D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).  Here, plaintiff has failed to even provide his residence, let alone his domicile or citizenship, contending puzzlingly that he is a citizen of "the republic domicile."  *See* Compl. at 3.  Assuming that he is a citizen of the District of Columbia, he has still failed to establish diversity jurisdiction, because the defendant is also located in the District, thus defeating complete diversity.  *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

For all of the above reasons, the court dismisses the complaint, and this matter, without prejudice.  An order consistent with this memorandum opinion is issued separately.

Date:  February 11, 2025                                      _____/s/_____
                                                                               RUDOLPH CONTRERAS
                                                                               United States District Judge